**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE BENEFIT PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE ANNUITY FUND<br>1375 Virginia Drive, Suite 245<br>Fort Washington, PA 19034,<br>and<br>INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542, AFL-CIO<br>1375 Virginia Drive, Suite 100<br>Fort Washington, PA 19034,<br><br>Plaintiffs,<br><br>v.<br><br>J.D. FEDELE CONSTRUCTION DEMOLITION, INC.<br>408 Hallowell Avenue<br>Horsham, PA 19044,<br>and<br>HERMAN CONSTRUCTION CO., INC.<br>408 Hallowell Avenue<br>Horsham, PA 19044,<br>Defendants. | : | CIVIL ACTION<br>NO.<br>24cv4339 |

# C O M P L A I N T

**INTRODUCTION**

This is an action brought by employee benefit plans to collect interest and liquidated damages on delinquent benefit fund contributions, and attorneys' fees, pursuant to section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, and by a labor union to collect unremitted dues pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund (hereinafter the "SUB Fund"), and the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in Pennsylvania.

**PARTIES**

3. At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3) and (37), of ERISA, 29 U.S.C. §1002(2), (3), and (37) which are maintained for the purpose of providing health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

4. At all times relevant hereto, the Funds have maintained their principal place of business at the address in the caption.

5. The Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

6. At all times relevant hereto Plaintiff International Union of Operating Engineers Local Union 542, AFL-CIO (the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant J.D. Fedele Construction Demolition, Inc. ("Fedele") and Herman Construction Co., Inc. ("Herman") (collectively the "Employers") who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

7. At all times relevant hereto, the Union has maintained its principal place of business at the address listed in the caption.

8. The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

9. Defendant Employers are employers in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

10. Upon knowledge and belief, Defendant Employers are or were alter-egos and/or successor employers to each other.

**COMMON FACTS TO ALL COUNTS**

11. At all times relevant hereto, Defendant Employers were a parties to a collective bargaining agreement whereby it agreed to make full and timely payments to the Funds based upon the number of hours worked by its employees and to remit union dues to the Union from the paychecks of employees who authorizes such deduction. A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit A.

12. The amount of contributions due to each of the Funds and the remittances due to the Union from the Employers is determined by the hours worked and wages paid to employees covered by the collective bargaining agreement during a calendar month. (Exhibit A, Article V, pp. 29-32)

13. Pursuant to Article V, Section 7(1) of the collective bargaining agreement, the contributions and remittances are due on a monthly basis on the twenty-fifth (25th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit A, p. 30)

14. Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B), contributions that are not paid by the last day on which they are due accrue interest, calculated at a rate of ten percent (10%) per annum from the first day of the month following the date such contributions are due. (Exhibit A, pp. 30-31)

15. Pursuant to Article V, Section 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii), any contribution not received by its due date is charged liquidated damages equal to ten percent (10%) of the amount of the unpaid or late-paid contribution. (Exhibit A, p. 31)

16. The Employer failed to submit contributions and remittances for the months of August 2022 through January 2023.

17. The Employers subsequently paid the August 2022 contribution but failed to pay the interest or liquidated damages due on those amounts.

18. On March 10, 2023, the parties entered into a Settlement Agreement (hereinafter the "Settlement Agreement") in which the Employers agreed to pay the delinquent contributions and remittances, as well as all interest that accrued on both the late August 2022 contribution and ongoing interest on the unpaid contributions in thirteen payments: an initial payment of $32,956.86 paid by March 10, 2023, followed by twelve monthly payments of $8,190.63, each due on the twenty-fifth day of the month from March 25, 2023 through February 25, 2024. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit B.

19. By signing the Settlement Agreement, the Employers agreed both to make all of the settlement payments set forth in that agreement and to remain current with its ongoing

obligations to submit remittance reports, contributions, and remittances pursuant to the collective bargaining agreement. (Exhibit B, ¶3)

20. As part of the Settlement Agreement, the Funds and Union agreed to conditionally waive a total of $14,461.78 in liquidated damages, representing the liquidated damages due on the August 2022 through January 2023 contributions which were the basis of the settlement agreement. That waiver was expressly conditioned on the Employers' compliance with the settlement payment schedule and their obligation to remain current in its ongoing contributions during that settlement payment period. (Exhibit B, ¶4)

**COUNT ONE**
**Delinquent Ongoing Contributions**
**Funds v. Fedele and Herman**

21. The above paragraphs are incorporated herein by reference as though duly set forth at length.

22. Defendant Employers failed to submit reports or payments for the work performed in the months of June 2023, July 2023, August 2023, and September 2023 (due on July 25, 2023, August 25, 2023, September 25, 2023, and October 25, 2023, respectively).

23. The exact amount due for each of those months is based on the hours worked and the wages paid to the employees of the Employers that work under the jurisdiction of the collective bargaining agreement.

24. Without the reports for those months, Plaintiffs cannot determine the amounts owed for those delinquent months.

25. The information needed to determine the amounts due to Plaintiffs for each of those months is in the financial books and records that are in the exclusive possession of Defendants Fedele and/or Herman.

26. The potential hardships to the Employers by requiring them to provide to Plaintiffs their financial books and records to determine the amounts owed to Plaintiffs \are outweighed by the Funds' interests in assuring that the contributing employer has fulfilled its contractual and statutory obligations to the Funds.

27. There is no adequate remedy at law.

28. All conditions precedent to equitable relief have been satisfied.

29. In addition to the principal amounts due, as documented by the Employers' books and records, the Employers owe interest, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2).

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against Defendants Fedele and Herman, jointly and severally, and in favor of the Funds for the following:

(1) Enter an order requiring Defendants Fedele and Herman to provide the Funds with payroll or other records necessary to determine the amounts due for the months of June 2023, July 2023, August 2023, September 2023, and such other months that become due during the pendency of this action;

(2) Enter Judgment in favor of Plaintiffs and against the Defendants Fedele and Herman, jointly and severally, for:

(a) The principal contributions due for the work performed in the months of June 2023, July 2023, August 2023, September 2023, and such other months that become due during the pendency of this action, pursuant to the collective bargaining agreement and 29

U.S.C. §1132(g)(2)(A);

(b) Interest on the principal amounts in (2)(a) calculated at a rate of ten percent per annum, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(c) Liquidated damages equal to ten percent (10%) of the principal amounts in (2)(a), pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(d) Attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D); and

(3) Grant any other further relief the court finds just and proper.

**COUNT TWO**
**Breach of Settlement Agreement**
**Funds and Union v. Fedele and Herman**

30. The above paragraphs are incorporated herein by reference as though duly set forth at length.

31. After the Settlement Agreement was executed, Defendant Employers did not pay the initial $32,956.86 payment, due on March 10, 2023, until March 15, 2023.

32. Defendant Employer paid the first, second, and third monthly settlement payments of $8,190.63. (due on March 25, April 25, and May 25, 2023) after each of their deadlines (on April 11, May 24, and July 25, 2023, respectively).

33. No additional amounts were included to cover the interest due on the late payments set forth in paragraphs 31 and 32.

34. Beginning with the settlement payment due on June 25, 2023, Defendant Employers have failed and refused to submit each and every subsequent settlement payments.

35. On September 6, 2023, the Funds and Union, through their counsel, sent a letter to Employers demanding payment of the delinquent June 25, July 25, and August 25, 2023 settlement payments, plus interest on those late payments, and interest on the prior late-paid settlement payments. In addition, the Funds and Union demanded the submission of reports and payments for the months of June 2023 and July 2023. A true and correct copy of the September 6, 2023 letter is attached as Exhibit C.

36. The September 6, 2023 letter advised that it should be considered to be a Notice of Default pursuant to paragraph 5 of the Settlement Agreement, and unless the Employers cured the delinquency within fifteen (15) days of the date of the letter, the Funds and Union will be entitled to the accelerated balance of the settlement payments, including ongoing interest, $14,461.78 in liquidated damages that had been conditionally waived in the settlement agreement, the amounts due for work performed in June 2023 and July 2023, plus interest and liquidated damages thereupon, as well as any reasonable attorneys' fees and costs. (Exhibit C)

37. Defendant Employers failed and refused to submit any payments in response to the September 6, 2023 letter.

38. As of the date of this Complaint, four settlement payments have become due (the payments due on June 25, July 25, August 25, and September 25), without being paid, in addition to the reports and payments for the work performed in the months of June 2023 through August 2023.

39. The Settlement Agreement states that in the event of a default:

> If full payment of any of the settlement payments set forth in paragraph 1, including any interest due under paragraph 2, is not received at the expiration of the fifteen day period set forth in paragraph 5, or if the Employer becomes delinquent in its ongoing

> contributions during the repayment period notwithstanding the terms of paragraph 3, the Funds and Union, at their sole discretion, may declare the Employer to be in default and demand immediate payment of the accelerate balance, plus $14,461.78 in liquidated damages, plus any attorneys' fees and costs incurred by the Funds and/or Union in its efforts to collect those amounts. The accelerated balance shall be calculated as follows: (a) taking the "Balance" due as of the payment due date immediately prior to the date of default per the chart that is attached to this Settlement Agreement as Exhibit A, (b) adding to that amount any settlement payments and/or interest charges that had accrued on late settlement payments but were not paid as of the default date, and (c) adding interest calculated on a daily basis at the rate set forth in paragraph 2 for each date that the accelerated balance is not paid following the default date.

(Exhibit B at ¶6)

40. Pursuant to the Settlement Agreement, Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement (Exhibit A) and 29 U.S.C. §§1132(g)(2)(A) and (B), Defendant Employers owe the accelerated balance of the $57,799.50. A true and correct copy of the accelerated balance calculation under paragraph 6 of the Settlement Agreement is attached hereto as Exhibit D.

41. Pursuant to the Settlement Agreement, Article V, Sections 7(5), (8), (9), and (11) of the collective bargaining agreement (Exhibit A) and 29 U.S.C. §§1132(g)(2)(C), Defendant Employers owe the $14,461.78 in liquidated damages.

42. Pursuant to Article V, Sections 7(5) and (11) of the collective bargaining agreement (Exhibit A) and 29 U.S.C. §1132(g)(2)(D), Defendant Employers are also liable for the Funds' attorneys' fees and costs in this action.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against Defendants Fedele and Herman, jointly and severally, and in favor of the Funds for the

following:

(1) $57,799.50 as the accelerated balance due under the Settlement Agreement, which includes both principal and interest pursuant to the Settlement Agreement, the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A) and (b);

(2) $14,461.78 in liquidated damages , pursuant to the Settlement Agreement, the collective bargaining agreement and 29 U.S.C. 1132(g)(2)(C);

(3) Reasonable attorneys' fees and costs pursuant to the Settlement Agreement, the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2)(D); and

(4) Any other further relief the court finds just and proper.

**COUNT THREE**
**Ongoing Unremitted Dues**
**Union v. Fedele and Herman**

43. The above paragraphs are incorporated herein by reference as though duly set forth at length.

44. Pursuant to Article V, Sections 8, of the collective bargaining agreement Defendants Employer are required to deduct union dues from the wages of employees who authorize such a deduction and to remit the deducted amounts to the Union by the fifteenth day of the month. (Exhibit A, p. 32)

45. Notwithstanding that obligation, Defendant Employers have failed and refused to remit any dues for each month beginning with June 2023.

46. By not remitting dues deducted from the pay of employees' who authorize such a deduction the contributing employer violated the collective bargaining agreement, which is actionable under the LMRA, 29 U.S.C. §185.

47. The amount of Union dues owed for each month since June 2023 depends upon the number of employees employed each month under the collective bargaining agreement as documented in the Employers' monthly remittance reports.

48. Like the contributions due to the Funds set forth in Count One, without the remittance reports for the months beginning with June 2023, Plaintiff Union cannot determine the amounts due to be remitted to the Union for those months..

49. The information needed to determine the amounts due to Plaintiff Union for each of those months is in the financial books and records that are in the exclusive possession of Defendants Fedele and/or Herman.

50. The potential hardships to the Employers by requiring them to provide to Plaintiff Union with their financial books and records to determine the amounts owed to Plaintiffs \are outweighed by the Funds' interests in assuring that the contributing employer has fulfilled its contractual and statutory obligations to the Union.

51. There is no adequate remedy at law.

52. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against Defendants Fedele and Herman, jointly and severally, and in favor of the Funds for the following:

(1) Enter an order requiring Defendants Fedele and Herman to provide the Union with payroll or other records necessary to determine the amounts due for the months of June 2023, July 2023, August 2023, September 2023, and such other months that become due during the pendency of this action;

(2) Enter Judgment in favor of Plaintiffs and against the Defendants Fedele

and Herman, jointly and severally, for the amount of Union dues owed for the period from June 2023 through the present; and

(3) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: */s/ Jeremy E. Meyer*

JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: November 7, 2023